# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY L., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 22 CV 6799 <br><br> Magistrate Judge McShain |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy L. appeals the Acting Commissioner of Social Security's decision denying his applications for benefits. For the following reasons, plaintiff's motion to reverse and remand [15] is denied, the Acting Commissioner's motion for summary judgment [19] is granted, and the denial of benefits is affirmed.[1]

## Background

In June 2020, plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging an onset date of March 1, 2020. [11-1] 29. The claims were denied initially, on reconsideration, and after a hearing with an administrative law judge (ALJ). [*Id.*] 29-37. The Appeals Council denied review in October 2022, *see* [*id.*] 1-7, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff has appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. [11-1] 31. At step two, the ALJ determined that plaintiff had the following severe impairments: human immunodeficiency virus (HIV), gout, and De Quervin's

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [11-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [27].

tenosynovitis. [*Id.*] 32. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 32-33. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform medium work, except that plaintiff could only frequently handle and finger bilaterally. [*Id.*] 33-35. At step four, the ALJ found that plaintiff could perform his past relevant work as a mail carrier. [*Id.*] 35. At step five, the ALJ held that jobs existed in significant numbers in the national economy that plaintiff could perform: hand packer (164,000 jobs), assembler (90,000 jobs), and inspector (15,000 jobs). [*Id.*] 35-36. Accordingly, the ALJ determined that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

### A.     State Agency Reviewers' Opinions

Plaintiff argues that the ALJ erred by rejecting the opinions of the state agency reviewers that plaintiff was capable of only light work and basing the RFC determination on her "lay opinion" that plaintiff could perform medium work. [15] 5-6. This argument fails for three reasons.

First, plaintiff does not argue that the ALJ's decision to reject the reviewing doctors' opinions was not supported by substantial evidence. *See* [15] 4-8. Plaintiff has therefore forfeited any such argument. *See Karla J.B. v. Saul*, No. 19 CV 50019, 2020 WL 3050220, at *4 (N.D. Ill. June 8, 2020). Forfeiture aside, the Court easily concludes that the ALJ had a substantial evidentiary basis to reject these doctors' opinions. Their opinions that plaintiff was restricted to light work, the ALJ explained, were "not supported by or consistent with the evidence of record," which showed that "there was only one mention of a [gout] flare-up" during the disability period and plaintiff had "a normal gait and normal muscle strength" on multiple physical exams. [11-1] 34-35. The ALJ also questioned why these doctors "failed to provide any limitations to account for the claimant's hand pain," as to which "treatment notes indicate he required the use of a splint." [*Id.*]. In addition, there was no other opinion evidence corroborating the state agency reviewers' opinions. Therefore, even if

2

plaintiff had challenged the ALJ's finding that the reviewing doctors' opinions were unpersuasive, the Court would reject that argument.

Second, "an ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians in determining a claimant's RFC." *Benito M. v. Kijakazi*, Case No. 20 C 5966, 2022 WL 2828741, at *2 (N.D. Ill. July 20, 2022). Accordingly, the mere fact that the ALJ's RFC determination does not rest on a medical opinion is not grounds for remand. *See Marva S. v. O'Malley*, No. 21 CV 5922, 2025 WL 27490, at *5 (N.D. Ill. Jan. 3, 2025) ("The ALJ is not required to support her RFC determination with a specific medical opinion[.]").

Third, this was not a case where the ALJ's rejection of the state agency reviewers' opinions–the only opinion evidence in the record[3]–created an "evidentiary deficit" that left the ALJ to "play doctor" and "interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (internal quotation marks omitted). "Courts in this District have recognized that an ALJ's decision to discount all medical opinion evidence in the record can create an evidentiary gap that renders the ALJ's RFC unsupported by substantial evidence." *Alejandro D. v. O'Malley*, No. 21 CV 5250, 2024 WL 4465475, at *3 (N.D. Ill. Oct. 10, 2024). But reversible error occurs only when the ALJ, after rejecting the opinion evidence, crafts an RFC determination that is "untethered to any record evidence." *Benito M.*, 2022 WL 2828741, at *3; *see Laura G. v. O'Malley*, No. 23-cv-1651, 2024 WL 4226273, at *4 (N.D. Ill. Sept. 18, 2024) ("[O]nce the ALJ rejected both the treating sources' opinions and Dr. Green's opinions the ALJ was required to point to other evidence to explain how she reached the limits assessed.") (internal quotation marks omitted); *Balbina K. v. Kijakazi*, No. 20-cv-5078, 2022 WL 2046216, at *2 (N.D. Ill. June 7, 2022) (remanding where ALJ rejected "the only available opinions" and "provided no support" for determination that plaintiff could perform light work "using any evidence of record"). Here, however, the ALJ relied on substantial evidence to support her conclusion that plaintiff could perform work at the medium exertion level. The very few exams that occurred during the disability period showed that plaintiff had a normal gait and station, he demonstrated normal grip strength, he reported that his hand and wrist pain had improved (despite not wearing a splint at night), and his HIV viral load was observed to be at low or nearly undetectable levels. *See* [11-1] 34-35 (discussing the very limited medical record).

For these reasons, the Court rejects plaintiff's first ground for remand.

---

[3] *Cf. Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) ("A fundamental problem is [claimant] offered no opinion from any doctor to set sitting limits, or any other limits, greater than those set by the ALJ.")

### B. Gout- and HIV-Related Limitations

Plaintiff also argues that the ALJ erred because she determined that his gout and HIV were severe impairments but did not include any limitations related to those impairments in the RFC determination. *See* [15] 5-7. This argument, too, lacks merit.

First, as the Acting Commissioner accurately observes, the ALJ restricted the kind of work plaintiff could perform by limiting him to work at the medium exertion level (and thereby restricting him from performing work at the heavy and very heavy exertion levels). *See* 20 C.F.R. § 404.1567 (describing different lifting and carrying requirements for work at the medium, heavy, and very heavy exertion levels).

Second, it was plaintiff's burden to establish that his gout and HIV caused additional work-related limitations that should have been included in the RFC determination. *See Weaver v. Berryhill*, 746 F. App'x 574, 578-79 (7th Cir. 2018) ("But . . . having been diagnosed with these impairments does not mean they imposed particular restrictions on [the claimant's] ability to work. It was Weaver's burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work."). Plaintiff's briefs notably fail to identify any specific limitations that should have been included in the RFC determination. *Cf. Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none."). Plaintiff does point to his hearing testimony, where he claimed that his gout can flare-up at any time, that such flare-ups last for weeks at a time, and that his medication does not help. *See* [15] 6. But the ALJ found that plaintiff's subjective statements about his gout were not credible, *see* [11-1] 34-35, and plaintiff does not argue that that determination was patently erroneous. *See Donna L. v. O'Malley*, No. 22 CV 554, 2025 WL 27482, at *3 (N.D. Ill. Jan. 3, 2025) ("The Court will overturn an ALJ's evaluation of a claimant's subjective symptom allegations only if it is patently wrong."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) (court will not "reverse the credibility determination as long as the ALJ provided at least one reason to support the finding").

Third, the ALJ's discussion of the very limited medical record provided substantial evidentiary support for the decision not to include additional restrictions in the RFC. Regarding plaintiff's HIV, the record demonstrated that this condition was well controlled with medication, and plaintiff's HIV viral load was found to be "undetectable." *See* [11-1] 34 (plaintiff had "undetectable HIV viral loads" in July and August 2020); [*id.*] 35 (HIV was "well controlled with medication"). As for plaintiff's gout, the ALJ accurately observed that plaintiff had "very little treatment since the alleged onset date," and there was "little indication that he frequently experiences flare-ups and [his] physical exam findings are generally within normal limits." [*Id.*]

4

35. Plaintiff does not acknowledge these findings–let alone argue they have no substantial support in the evidence.

The Court therefore rejects plaintiff's second ground for remand.

## Conclusion

Plaintiff's motion to reverse and remand [15] is denied, the Acting Commissioner of Social Security's motion for summary judgment [19] is granted, and the denial of benefits is affirmed.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: May 12, 2025**